NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRENE LIN | : |
|                     Plaintiff, | : |
|       v. | : |
| SCHILLER, KNAPP, LEFKOWITZ | :   Case No. 3:17-CV-05511-BRM-TJB |
| & HERTZEL, LLP, HUDSON CITY | : |
| SAVINGS BANK, M&T BANK, | :   **OPINION** |
| PARKER MCCAY PA. JACLYN | : |
| CLEMMER, KIERA MCFADDEN-ROAN, | : |
| GENE MARIANO, LISA | : |
| DEVER, KAITLIN RIEGGER, DAWN | : |
| BECHTOLD, SHAUN WILSON, | : |
| JOSEPH MORRISON, JOHN DOES, | : |
| AND JANE DOES | : |
|                     Defendants. | : |

Before this Court is Plaintiff Irene Lin's ("Mrs. Lin") Motion for Leave to File an Amended Complaint (ECF No. 29) and defendants Parker McCay, P.A., Kiera McFadden-Roan, Gene Mariano, Lisa Dever and Kaitlin Riegger's ("Parker Defendants") Cross-Motion seeking injunctive relief and sanctions (ECF No. 34-1). All motions are opposed. (ECF Nos. 32, 34, and 36.) Having reviewed the parties' briefs submitted in connection with the motions pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Mrs. Lin's Motion to Amend is **DENIED** and the Parker Defendants' Cross-Motion is **DENIED**.

I.     **BACKGROUND**

On July 28, 2017, Mrs. Lin and her husband, Jay Lin, Esq. ("Mr. Lin"), filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and "other New Jersey State Laws" arising out of an alleged "frivolous foreclosure case" filed in state court against them,

which "relied on several false documents." (ECF No. 1 ¶ 19 (citing "New Jersey State Court Docket Number F-29667-10" ("State Court Action").) On August 21, 2017, Mr. Lin voluntarily dismissed his causes of action and proceeded in a representative capacity only as attorney for Mrs. Lin. (ECF Nos. 4, 9.)

Mrs. Lin subsequently filed, on August 28, 2017, a Request for Default (ECF No. 5), a motion for a temporary restraining order ("TRO"), and a motion for an order to show cause why a preliminary injunction should not issue, seeking to enjoin Defendants from "using any false, deceptive, or misleading representation or means in collecting of debt or attempting to collect such debt" and "disposing of or transferring their assets" (ECF No. 6). Mrs. Lin's brief in support of the motion substantially tracked the complaint and failed to allege any emergent circumstances that would lead to irreparable harm. (*See id.*) On August 29, 2017, the Clerk's Office entered a Quality Control Message stating the Request for Default "cannot be granted as requested."[1] (Entry dated August 29, 2017.) The Court denied the motion for failure to establish the elements required for a TRO; namely, "(l) a likelihood of success on the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief." *Kos Pharms, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). (ECF No. 10.)

On August 30, 2017, Mrs. Lin again filed a motion for a TRO and order to show cause why a preliminary injunction should not issue, this time specifically seeking the stay of a summary judgment order and writ of execution, allegedly entered in the State Court Action and directing the county sheriff to place Mrs. Lin's house for an auction sale. (ECF No. 11.) Mrs. Lin argued the

---

[1] A review of Mrs. Lin's Request for Default and the affidavit accompanying it indicates Defendants may not have been served in accordance with Federal Rule of Civil Procedure 4 in that "all Defendants were [only] served by regular mail and/or certified mail [with] a copy of the summons and complaint." (ECF No. 5; *see* ECF No. 12.)

State Court Action's directives should be stayed pursuant to 11 U.S.C. § 362(a) because Zucker, Goldberg & Ackerman, LLC ("Zucker Goldberg") filed for Chapter 11 bankruptcy, thereby staying "all [Zucker Goldberg]'s legal cases and claims includ[ing]" the foreclosure case against Mrs. Lin in which Zucker Goldberg represented Hudson City Savings Bank, a defendant in this action. (*Id.*)

The same day, the Court denied Mrs. Lin's request for a TRO but ordered Defendants to show cause, and ordered Mrs. Lin to personally serve Defendants, none of whom appeared to have been properly served. (ECF No. 12.) As part of the Order to Show Cause, the Court specifically asked the parties to address any jurisdictional issues. (*Id.*) Defendants responded to the Order to Show Cause, including by filing cross-motions to dismiss (ECF Nos. 22-24) and, on September 20, 2017, the Court held a hearing on Mrs. Lin's Motion for a Preliminary Injunction. Having reviewed the briefs submitted in connection with Mrs. Lin's motion and Defendants' cross-motions, as well as the parties' arguments on the record, the Court dismissed the case for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. (*See* ECF No. 28; Oral Argument Unofficial Transcript, dated Sept. 20, 2017.) Specifically, the Court reviewed, on the record, the history of the State Court Action and found Mrs. Lin had previously challenged the writ of execution several times, including by the filing of a motion for injunctive relief, where she sought a stay pending an appeal in the State Court Action. Consequently, "the Court ha[d] the benefit of a well-reasoned state court [decision]" which barred this Court's review under *Rooker-Feldman*.[2] The Court stated:

> In this case, the plaintiff lost in state court. The plaintiff complains of the injuries that were caused by the state court judgment. Those injuries were rendered to judgment before this suit was filed, and basically the plaintiff is seeking another bite at the apple seeking this Court to review and reject the state court judgments.

---

[2] While the Court's dismissal was based on lack of subject matter jurisdiction, the Court also noted Mrs. Lin did not have a cause of action under the FDCPA against the owners of the debt.

(Oral Arg. Unoffic. Tr.) Accordingly, the Court dismissed Mrs. Lin's Complaint and denied the motion for injunctive relief as moot. (ECF No 28.)

Subsequently, Mrs. Lin filed this Motion for Leave to File an Amended Complaint in order to "correct the this [sic] court has not [sic] subject matter jurisdiction in Plaintiff's original Complaint."[3] Mrs. Lin's motion primarily challenges the Court's ability to "dismiss[ her] original Complaint during [the] order to show cause hearing" based on lack of subject matter jurisdiction, even though, "[a]t the hearing, the Court had decided not to hear the arguments of several Defendants' Motion[s] to dismiss" and "[n]o arguments were made by the parties during the hearing for several Defendants' Motion[s] to dismiss." (ECF No. 29 at 1.) Neither the motion nor the proposed amended complaint addresses how subject matter jurisdiction is resolved; the motion states only that leave should be freely granted pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962). The proposed amended complaint asserts violations of the FDCPA and adds claims under the New Jersey Consumer Fraud Act ("NJCFA") and the Real Estate Settlement Procedures Act ("RESPA").

All Defendants oppose the motion to amend. (ECF Nos. 32, 34, and 36.) Additionally, the Parker Defendants filed a cross-motion (ECF No. 34-1) requesting: (1) Mrs. Lin's claims be dismissed with prejudice; and (2) sanctions against the Lins for filing meritless and harassing FDCPA claims in bad faith.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), once a party's time to amend as a matter

---

[3] The Court did not grant Mrs. Lin leave to amend her Complaint, nor did the Court address futility in doing so. However, dismissal for lack of subject matter jurisdiction is, by definition, without prejudice. *NJ Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). Therefore, the Court reviews Mrs. Lin's motion to amend.

of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman*, 371 U.S. at 182). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**III. DECISION**

The Court finds Mrs. Lin's proposed amended complaint does not resolve this Court's lack of subject matter jurisdiction as addressed at the hearing on the motion for injunction relief, and therefore, permitting the amendment would be futile. Mrs. Lin challenges this Court's finding regarding jurisdiction because it was decided at a hearing on a motion for injunctive relief rather than on the motions to dismiss. However, Mrs. Lin overlooks several issues. First, the Court has an independent obligation to *sua sponte* satisfy itself of jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Second, the Court specifically asked the parties to brief any jurisdictional issues in the Order to Show Cause. (*See* ECF No. 12.) Accordingly, the Court properly addressed jurisdiction at the show cause hearing.

Mrs. Lin's proposed amended complaint does not alter the Court's finding or resolve the deficiencies in her case regarding the application of *Rooker-Feldman*. Despite the additional causes of action, the proposed amended complaint continues to assert defendants filed a frivolous foreclosure action, which was addressed and rejected in the State Court Action and addressed again and this Court's hearing on the motion for injunctive relief. Not only would amendment be futile, but the amendment would cause undue prejudice to defendants. The Court does not, however, find additional sanctions are warranted at this juncture. Therefore, Mrs. Lin's motion to amend is **DENIED**, as is the Parker Defendants' motion to sanction and injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown, Mrs. Lin's Motion to Amend (ECF No. 29) and Parker Defendants' Cross-Motion (ECF No. 34-1) are **DENIED**. An appropriate Order will follow.


Date: June 27, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**